**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-6388**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

WILLIE ALLEN,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (7:03-cr-00067-F-1; 7:15-cv-00167-F)

———————

Submitted: July 15, 2016        Decided: August 2, 2016

———————

Before MOTZ, KING, and FLOYD, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Willie Allen, Appellant Pro Se. Richard Ernest Myers, II, Seth Morgan Wood, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Allen appeals the district court's order denying his 28 U.S.C. § 2255 (2012) motion. We vacate the district court's order and remand for further proceedings.

Allen pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2012). The district court determined that Allen, who had three prior convictions of violent felonies, qualified as an armed career criminal. See 18 U.S.C. § 924(e)(1) (2012). Allen was sentenced to 180 months in prison.

Two of the three prior convictions were for North Carolina common law robbery. Allen contended in his § 2255 motion that, under Johnson v. United States, 135 S. Ct. 2551 (2015), these convictions were no longer valid predicates for armed career criminal status. We recently held that a conviction of North Carolina common law robbery does not categorically qualify as a violent felony under the Armed Career Criminal Act (ACCA). United States v. Gardner, __ F.3d __, 2016 WL 2893881, at *7 (4th Cir. May 18, 2016) (No. 14-4533). In Gardner, we determined that such a conviction falls not under the "force" clause of ACCA, 18 U.S.C. § 924(e)(2)(B)(i), but instead under ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii). In light of Johnson, which invalidated the residual clause and applies retroactively to cases on collateral review, Welch v. United

2

States, 136 S. Ct. 1257 (2016), we conclude that Allen's common law robbery convictions cannot serve as predicate violent felonies for armed career criminal status.

We accordingly grant a certificate of appealability, vacate the district court's order, and remand for further proceedings consistent with this opinion. The motion for appointment of counsel is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED